EMANUEL HUBENKA v. JOHN VACH.

FILED MARCH 19, 1902.  No. 11,330.

1. Amendment of Pleading During Progress of Trial: ABUSE OF DISCRETION. The denial of an application for leave to amend a pleading during the progress of the trial, is not reversible error, unless, under the circumstances disclosed, the action of the court amounted to an abuse of discretion.

2. Farm Lease: CASH RENT: WHEN DUE. A farm lease providing for the payment of cash rent, but not fixing in express terms the time when the rent should become due, contained a clause binding the landlord, in case of a crop failure, or a decline in

the prices of farm products, "to settle the payments of said rent as it becomes due to the best advantage for both parties concerned." *Held*, That, in contemplation of the parties, the rent was not to be due or payable before the crops had matured and were ready for market.

3. Possession of Property: PRESENT RIGHT: GENERAL OR SPECIAL. The plaintiff having failed to show a present right to the possession of the property in dispute, under either a general or special ownership, the court did not err in directing the jury to return a verdict in favor of the defendant.

ERROR from the district court for Cuming county. Tried below before EVANS, J. *Affirmed.*

*Thomas M. Franse,* for plaintiff in error.

*Milton McLaughlin, contra.*

SULLIVAN, C. J.

This action was brought to recover possession of certain crops raised by John Vach upon the farm of Emanuel Hubenka in Cuming county in the year 1898. The petition was in the usual form, alleging absolute ownership of the property in the plaintiff. The answer was a general denial. At the conclusion of the evidence the court was of opinion that the plaintiff had failed to make a case, and directed the jury to return a verdict against him.

Of the numerous errors assigned, only two have been thought worthy of discussion by counsel. The first contention is that the court erred in refusing to permit the plaintiff to amend his petition by alleging a special, instead of a general, ownership of the property; the second is that the court erred in directing the jury to return a verdict in favor of Vach. The material facts are not in controversy. Hubenka rented his farm to Vach for a period of three years from March 1, 1897. The lease gave the landlord a lien on the crops, with the right to enforce it in the manner provided for the foreclosure of chattel mortgages. The stipulation for the payment of rent was in these words: "The first year's rent will be $300 cash. The

second year's rent will be $350 cash. The third year's rent will be $375 cash. Provided further that in case of a failure of the crops, or a decline in prices of the crops, the party of the first part agrees to settle the payments of said rent as it becomes due to the best advantage for both parties concerned." In the month of September, 1898, while the crops raised by the tenant were yet in the stack, the plaintiff attempted to foreclose his lien by advertising the property for sale and selling it to himself. Upon this sale and purchase is based his claim of general ownership. It developed at the trial that, owing to a hostile demonstration on the part of the tenant and his friends, the sale was not made where the property was situate, but at the apex of an adjacent hill, where the plaintiff and those assisting him paused for a moment in their precipitate flight from the farm. Whether the sale thus made vested in the purchaser an absolute title seems to have been questioned at the trial, and the plaintiff, at the conclusion of his evidence, determined to change front and rely upon his lien rather than upon his claim of general ownership. But the court denied his application for leave to amend the petition and this ruling is alleged as error. The application was addressed to the sound legal discretion of the court and was, under the circumstances, properly refused. All the facts of the case were well known to the plaintiff when the action was commenced, and if he had any just excuse for not alleging his special interest at the appropriate time he should have presented it to the court, by affidavit or otherwise. *Commercial Nat. Bank v. Gibson,* 37 Nebr., 750; *Western Assurance Co. v. Kilpatrick-Koch Dry Goods Co.,* 54 Nebr., 241; 1 Ency. Pl. & Pr., 637. But even if the petition had been amended the plaintiff could not have succeeded. In no view of the case was he entitled to a verdict. The rent was not due when the foreclosure proceeding was instituted nor when the action to recover possession was begun. It is clear from the provisions of the lease above quoted that the cash rent was not payable before the crops were ready for the market. The amount of the rent could not be

definitely fixed until the crops were assured and the prices known. The theory of the plaintiff was that the rent was to be paid in two instalments, and that the defendant should have given a note for the first instalment maturing January 1, 1899, and a note for the second instalment maturing March 1, 1899. But the lease did not require the defendant to give notes, and he did not violate any of its provisions in refusing to give them.

The plaintiff claims that the defendant voluntarily surrendered the property in payment of the rent, but we find no evidence in the record tending to sustain this claim.

The judgment is                                 AFFIRMED.