CHARLES H. HURLBUT ET AL., APPELLEES, v. LESTER PROCTOR, APPELLANT.

FILED FEBRUARY 15, 1911.   No. 16,278.

1. Appeal: DENIAL OF AMENDMENT. The denial of leave to amend a pleading during the trial is not reversible error, if the record fails to disclose that the trial court in so ruling abused its discretion.

2. ——: FAILURE TO EXCEPT. Failure to mark an instruction "given" is not available as error in absence of an exception on that ground.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*George A. Adams* and *W. W. Towle,* for appellant.

*Burr & Marlay, contra.*

ROSE, J.

This is an action for breach of warranty in the sale of a crib of corn purchased by plaintiffs from defendant. From a judgment on a verdict in favor of plaintiffs for $100, defendant has appealed.

The petition alleges and the answer admits that the corn was purchased February 8, 1907. During the trial the court refused to allow defendant to amend his answer by alleging the sale was made at an earlier date, and the ruling is assigned as error. It is familiar law that the denying of leave to amend a pleading during the trial is not reversible error, if the record fails to disclose that the trial court in so ruling abused its discretion. *Hubenka v. Vach,* 64 Neb. 170. No abuse of discretion is shown. The case had previously been tried before a justice of the peace, and there is nothing to indicate a change in the testimony or in anything else requiring an amendment of the answer in the particular stated.

It is suggested by defendant that an instruction appearing in the record was not marked "given," as required by statute. The transcript, however, shows it was in fact given. There was no exception to the instruction on that ground, and the omission therefore is not available as error. *City of Chadron v. Glover,* 43 Neb. 732.

An instruction referring to the witnesses and directing the jury to consider "their apparent fairness or bias, if any such appears," and "their apparent fairness or bias, if any such is proved," is criticised as erroneous. It is argued that the words "appear" and "proved" differ in meaning, and that it is not sufficient under the charge to

show that bias of a witness "appears," but that it must be "proved." There is no substantial ground for this criticism.

The assignments fail to disclose a reversible error and the judgment is

AFFIRMED.