LLOYD HESS, APPELLANT, V.
ROBERT HEGER ET AL., APPELLEES.
619 N.W.2d 237

Filed November 14, 2000.    No. A-99-1091.

Phillip G. Wright and Sean C. Bradley, of Quinn & Wright, for appellant.

Michael T. Gibbons and David M. Woodke, of Woodke, Otepka & Gibbons, P.C., for appellees.

HANNON, INBODY, and MOORE, Judges.

INBODY, Judge.

## INTRODUCTION

Lloyd Hess brought this negligence action against Robert Heger; Omni Engineering, doing business as Thunderbird Trucking; and Royal Insurance for injuries he sustained when he drove his tractor-trailer off a gravel road in order to avoid a collision with a combine driven by Heger. A jury returned a verdict in favor of Heger, and Hess has timely appealed to this court.

## STATEMENT OF FACTS

On October 30, 1995, Hess was driving a tractor-trailer westbound on Giles Road in Sarpy County, Nebraska. Hess was traveling 45 miles per hour on the gravel road when he saw a combine, being driven by Heger, headed eastbound on Giles Road. The vehicles did not collide; however, Hess claims that he was forced to leave the roadway to avoid a collision and rolled over. Hess suffered various injuries as a result of the accident.

On April 24, 1997, Hess filed a petition in the Sarpy County District Court alleging that the accident, and his resulting injuries, was proximately caused by Heger's negligence in one

or more of the following particulars: (1) in operating his motor vehicle, a combine, in the wrong lane of traffic; (2) in failing to keep a proper lookout; (3) in failing to have control over his vehicle; and (4) in failing to avoid causing an accident. Heger filed an answer denying that the accident was a result of any negligence on his part and claiming that the accident was proximately caused by the negligence and comparative negligence of Hess in one or more of the following particulars: (1) in failing to keep a proper and sufficient lookout, (2) in failing to have his vehicle under reasonable and proper control, and (3) in failing to be able to stop his vehicle or control his vehicle upon the highway.

Trial was held July 19 to 22, 1999. At the close of Hess' case in chief, Heger moved for a directed verdict based in part on the range of vision rule. Hess argued that Heger had not properly pled range of vision as a defense. The district court ruled that the defense of range of vision had been properly pled, but overruled the motion for a directed verdict. Heger renewed his motion for a directed verdict at the close of all the evidence. This motion was again overruled by the court. The jury instruction conference was then held. Among other proposed instructions, Hess proposed a jury instruction which stated: "The speed limit upon any highway that . . . is not dustless surfaced and not part of the state highway system is fifty miles per hour." The court declined to so instruct the jury. Following the jury instruction conference, the court read the final instructions to the jury. After the jury left the courtroom, the district court called counsel for the parties to the bench for an off-the-record discussion wherein he informed counsel about minor additions and deletions made to jury instruction No. 2, which modifications are set forth in the analysis portion of this opinion.

The jury returned a verdict for Heger. Hess filed a motion for new trial, which was overruled. Hess then timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, Hess' assigned errors can be consolidated into the following issues: (1) The trial court erred in allowing Heger to present evidence regarding the defense of range of vision, (2)

the trial court erred in refusing to instruct the jury as to the statutory speed limit of the road upon which Hess was traveling at the time of the accident, (3) the trial court erred in making changes to the jury instructions after requiring counsel to return their copies of said instructions to the court, and (4) the trial court erred in overruling Hess' motion for a new trial.

## DISCUSSION

*Range of Vision.*

First, Hess contends that the district court erred in finding that Heger's pleadings sufficiently raised the defense that Hess failed to avoid the collision with an object that was within his range of vision.

■ Neb. Rev. Stat. § 25-811 (Reissue 1995) provides: "The answer shall contain (1) a general or specific denial of each material allegation of the petition controverted by the defendant; and (2) a statement of any new matter constituting a defense, counterclaim or setoff, in ordinary and concise language, and without repetition." The use of specific language asserting defenses is not required, nor is it necessary to state a defense in any particular form, as long as the facts supporting the assertion are stated and sufficient facts are pled to constitute the raising of the alleged defense. *Diefenbaugh v. Rachow*, 244 Neb. 631, 508 N.W.2d 575 (1993); *Cass Constr. Co. v. Brennan*, 222 Neb. 69, 382 N.W.2d 313 (1986); *Blaha GMC-Jeep, Inc. v. Frerichs*, 211 Neb. 103, 317 N.W.2d 894 (1982).

■ The range of vision rule provides that negligence generally arises as a matter of law if one operates a motor vehicle on a public street or highway and, on account of the manner of operation, is unable to stop the vehicle or turn it aside without colliding with an object or obstruction on the street or highway within the operator's range of vision. *Tapp v. Blackmore Ranch*, 254 Neb. 40, 575 N.W.2d 341 (1998); *Martin v. Roth*, 252 Neb. 969, 568 N.W.2d 553 (1997); *McFadden v. Winters and Merchant, Inc.*, 8 Neb. App. 870, 603 N.W.2d 31 (1999).

In the instant case, Heger's pleading alleged that Hess was negligent and comparatively negligent sufficient to either reduce or bar his recovery in one or more of the following particulars: (1) in failing to keep proper and sufficient lookout, (2) in failing

to have his vehicle under reasonable and proper control, and (3) in failing to stop or control his vehicle upon the highway. This language is sufficient to raise the range of vision defense. Therefore, this assignment of error is without merit.

*Jury Instructions Regarding Statutory Speed Limit.*

Second, Hess contends that the district court erred in refusing to give his proposed jury instruction as to the statutory speed limit of the road upon which Hess was traveling at the time of the accident. The language of Hess' proposed jury instruction was that "[t]he speed limit upon any highway that . . . is not dustless surfaced and not part of the state highway system is fifty miles per hour."

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the appellant was prejudiced by the court's refusal to give the tendered instruction, (2) the tendered instruction is a correct statement of the law, and (3) the tendered instruction is warranted by the evidence. *McLain v. Ortmeier*, 259 Neb. 750, 612 N.W.2d 217 (2000); *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000). In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *McLain v. Ortmeier, supra*; *Snyder v. Contemporary Obstetrics & Gyn.*, 258 Neb. 643, 605 N.W.2d 782 (2000).

In the instant case, although there was evidence that Giles Road was a gravel road, there was no evidence adduced that the speed limit of Giles Road was in fact 50 miles per hour. Because of the lack of evidence on this matter, Hess' proposed jury instruction was not warranted by the evidence. Thus, the district court did not err in refusing to give this instruction to the jury.

*Changes to Jury Instructions.*

Third, Hess contends that the trial court erred in making changes to the jury instructions after requiring counsel to return their copies of said instructions to the court. Hess claims that he was not allowed a meaningful opportunity to fully participate in

the process of formulating jury instructions and suffered prejudice as a result thereof.

In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Hamernick v. Essex Dodge Ltd.*, 247 Neb. 392, 527 N.W.2d 196 (1995); *Sindelar v. Canada Transport, Inc.*, 246 Neb. 559, 520 N.W.2d 203 (1994).

Jury instruction No. 2 is included in the transcript before this court and does reflect minor changes to the language of the instruction. The extent of the changes made to the jury instruction are as follows, with language added by the court italicized and a line placed through the language which was deleted by the district court:

> If the plaintiff has not met this burden of proof, then your verdict must be for the defendant, *returning verdict Form No. 3.*
>
> . . . .
>
> 1. If the plaintiff has met his burden of proof and the defendant has not met his burden of proof, then your verdict must be for the plaintiff and, using Instruction No. *15*, you must determine the amount of damage suffered by the plaintiff, *returning verdict Form No. 1.*
>
> 2. If both the plaintiff and the defendant have met their burdens of proof, then you must compare their negligence and you do that by completing Verdict Form No. *2*, ~~which I will read to you at the end of these instructions.~~

Clearly, the additions and deletions to the language of jury instruction No. 2 by the court merely change the form of the instruction and do not affect the substance of the instruction. Hess was not prejudiced by the minor changes to jury instructions, nor did the minor changes affect a substantial right of Hess'. Therefore, this assigned error is without merit.

For the sake of completeness, although neither party raises the issue on appeal, we draw attention to the court's failure to instruct the jury on the effect of the allocation of negligence as required by Neb. Rev. Stat. § 25-21,185.09 (Reissue 1995) and *Wheeler v. Bagley*, 254 Neb. 232, 575 N.W.2d 616 (1998).

Section 25-21,185.09 provides:

> Any contributory negligence chargeable to the claimant shall diminish proportionately the amount awarded as damages for an injury attributable to the claimant's contributory negligence but shall not bar recovery, except that if the contributory negligence of the claimant is equal to or greater than the total negligence of all persons against whom recovery is sought, the claimant shall be totally barred from recovery. The jury shall be instructed on the effects of the allocation of negligence.

In *Wheeler v. Bagley, supra*, Wheeler brought a negligence action against Bagley for injuries she sustained while working as a ranch employee for Bagley. After a trial, the jury returned a verdict that found Wheeler to be 49 percent negligent and Bagley to be 51 percent negligent with respect to Wheeler's injuries and valued Wheeler's damages at $40,000. After the trial court entered judgment in favor of Wheeler, Wheeler filed a motion for new trial on the basis that the jury had not been instructed as to the effect of the allocation of negligence as required by § 25-21,185.09. The trial court sustained Wheeler's motion and ordered a new trial. Bagley timely appealed. On appeal, the Nebraska Supreme Court held that for all cases in which the cause of action accrued on or after February 8, 1992, and in which contributory negligence is a defense, it is prejudicial error not to instruct the jury on the effects of its allocation of negligence as required by § 25-21,185.09.

Likewise, in *Fiscel v. Beach*, 254 Neb. 678, 578 N.W.2d 52 (1998), Fiscel filed a negligence action against Beach after injuring his lower back from slipping and falling on an icy driveway in Beach's trailer park. After a jury trial, the jury found that Fiscel was 40 percent negligent and Beach was 60 percent negligent and that Fiscel sustained $63,500 in damages; the jury did not specify whether Fiscel should receive 100 percent or 60 percent of the damage award. The Nebraska Supreme Court found plain error in failing to instruct the jury in accordance with *Wheeler v. Bagley, supra*.

However, *Wheeler v. Bagley, supra*, and *Fiscel v. Beach, supra*, are distinguishable from the instant case. In both cases, the juries reached the issue of contributory negligence and compared the negligence of the parties involved. However, in the

present case, the jury was instructed to return a verdict for Heger utilizing "verdict Form No. 3" if it concluded that Hess had not met his burden of proof. Separate verdict forms were provided for the jury's use if it reached the issue of contributory negligence. The jury returned verdict form No. 3, which necessarily meant that it found no negligence on the part of Heger and that it therefore did not need to consider the issue of contributory negligence. Therefore, we deem it necessary to consider whether the court's failure to instruct the jury on the effect of allocation of negligence was harmless error.

█ Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Corcoran v. Lovercheck*, 256 Neb. 936, 594 N.W.2d 615 (1999); *Hoover v. Burlington Northern RR. Co.*, 251 Neb. 689, 559 N.W.2d 729 (1997); *Sedlak Aerial Spray v. Miller*, 251 Neb. 45, 555 N.W.2d 32 (1996).

Several Nebraska cases have considered whether a trial court erred in submitting the issue of contributory negligence to a jury. In *Corcoran v. Lovercheck, supra*, the Nebraska Supreme Court held that although the trial court erred in submitting the issue of contributory negligence to the jury,

> [w]here a jury, using a special verdict form, finds no negligence on the part of the defendant and, accordingly, does not reach the question of the plaintiff's contributory negligence, any error in giving a contributory negligence instruction is harmless and does not require reversal of a verdict in favor of the defendant.

*Id.* at 941-42, 594 N.W.2d at 620. The jury was instructed to return a verdict for Lovercheck utilizing "Verdict Form No. 2" if it concluded that Corcoran had not met his burden of proof, and separate verdict forms and corresponding instructions were provided for the jury's use if it reached the issue of contributory negligence. The jury returned verdict form No. 2, which necessarily meant that it found no negligence on the part of Lovercheck and that it therefore did not need to consider the issue of contributory negligence. Thus, the Supreme Court held that the trial court's error in instructing the jury on contributory negligence was harmless error.

Likewise, in *Hoover v. Burlington Northern RR. Co., supra*, the jury was instructed as to contributory negligence, and on appeal, Hoover claimed that the instruction was not supported by the evidence and ought not to have been given. The jury was given a special verdict form which required the jury to first decide if Burlington's negligence proximately caused Hoover's injuries and, if so, then and only then required the jury to determine if Hoover was contributorily negligent in any manner so as to reduce his recovery proportionately. The jury returned a verdict for Burlington on the negligence issue and thus never reached the issue of whether Hoover was contributorily negligent. Again, the Nebraska Supreme Court held that where a jury, using a special verdict form, finds no negligence on the part of the defendant and, accordingly, does not reach the question of the plaintiff's contributory negligence, any error in giving an instruction relating to contributory negligence is harmless. See, also, *Bunnell v. Burlington Northern RR. Co.*, 247 Neb. 743, 530 N.W.2d 230 (1995) (where jury, using special verdict form, finds no negligence on part of defendant and, accordingly, does not reach question of plaintiff's contributory negligence, any error in court's giving contributory negligence instruction is harmless).

Although *Corcoran v. Lovercheck, supra*, and *Hoover v. Burlington Northern RR. Co., supra*, involved the issue of whether it was appropriate to instruct the jury on contributory negligence at all, rather than upon the specific allegations of contributory negligence, the underlying principle is the same: If the jury does not reach the issue of contributory negligence, any instructions relating to contributory negligence are without consequence. Applying that standard to this case, even though the district court erred in failing to give the allocation of negligence instruction, the error was harmless, since the jury never reached the issue of contributory negligence and likewise did not consider any allocation of negligence issues. Thus, although it was error for the district court to fail to instruct the jury as to the effect of the allocation of negligence, such omission was not reversible error.

## Motion for New Trial.

Fourth, Hess contends that the district court erred in overruling his motion for a new trial. Hess does not assert as a basis for

new trial any objections other than those previously discussed herein. In light of our conclusions above, we need not discuss this assigned error further.

## CONCLUSION

In sum, we have reviewed Hess' assignments of error and found them to be without merit. Further, although it was error for the court to fail to instruct the jury on the effect of the allocation of negligence, the jury did not reach the issue of allocation of negligence because the jury found that Hess had not met his burden of proof. Thus, the error in this case does not rise to reversible error.

AFFIRMED.