DANIEL PLEISS, APPELLANT, V. BRIAN BARNES, APPELLEE.

619 N.W.2d 825

Filed December 8, 2000.   No. S-99-520.

Christopher D. Jerram, of Kelley, Lehan & Hall, P.C., and Jeffery R. Kirkpatrick, of McHenry, Haszard, Hansen & Roth, for appellant.

Mark C. Laughlin and Heidi L. Evatt, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Daniel Pleiss brought a negligence action against Brian Barnes for injuries Pleiss suffered as a result of a fall from a ladder while assisting Barnes in shingling the roof of Barnes' house. A jury found in favor of Barnes. Pleiss appealed, and we moved the case to our docket pursuant to our power to regulate the Nebraska Court of Appeals' caseload and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## BACKGROUND

On July 1 and 2, 1995, Pleiss was assisting his friend, Barnes, in replacing roofing shingles on Barnes' house. As a means of gaining access to the roof, Barnes placed an aluminum ladder against an aluminum gutter on the house. Pleiss climbed this ladder on approximately six occasions on July 1 while working on the roof and experienced no problems using the ladder. On July 2, Pleiss climbed the ladder, which was in the same position as it had been on July 1, approximately six more times without incident. Pleiss then carried a bundle of shingles up the ladder. While Pleiss was placing the bundle of shingles onto the roof of the house, the ladder "flipped, twisted and started to slide," causing Pleiss to fall from the ladder. The ladder then "bounced back" into its original position. Pleiss suffered injuries to his wrist as a result.

On December 28, 1995, Pleiss filed a negligence action against Barnes. The case was tried to a jury, which found in favor of Barnes. Pleiss appealed to the Court of Appeals which, in a memorandum opinion filed on August 24, 1998, reversed, and remanded for a new trial.

At the second trial, both Barnes and Pleiss testified that they had not noticed or experienced any problems with twisting or sliding of the ladder until Pleiss' fall. Pleiss testified that he had observed other people using ladders and that he was aware that one of the risks of climbing a ladder was that it could "get shaky and fall down." However, he had never experienced twisting or sliding of a ladder until the incident on July 2, 1995.

Barnes testified that he had received some safety training regarding the use of ladders through his employment. As part of that training, Barnes learned that ladders were to be "tied down"

or secured in some manner while in use. Barnes testified that although he often tied down ladders at work, he did not tie down ladders when using them at his house. Barnes testified that he felt the ladder in use at his house on July 1 and 2, 1995, was safe. However, Barnes also admitted that placing an aluminum ladder against an aluminum gutter may create an environment where the ladder might "flip out and slide." At the close of all the evidence, Pleiss made a motion for directed verdict, which was overruled.

At the jury instruction conference, Pleiss requested an instruction explaining the effect of the allocation of negligence, in accordance with Neb. Rev. Stat. § 25-21,185.09 (Reissue 1995), and our decision in *Wheeler v. Bagley*, 254 Neb. 232, 575 N.W.2d 616 (1998). The court determined that the information regarding the effect of the allocation of negligence was already included as part of instruction No. 15, which explained the verdict forms. Pleiss' proposed instruction was not given.

Pleiss objected to instruction No. 2 on the basis that it did not include Pleiss' allegation that Barnes was negligent in placing the ladder in an unsafe position. The court determined that the only allegation of negligence that the jury need be instructed on was Pleiss' allegation that Barnes was negligent in failing to tie down the ladder.

Pleiss also objected to the instruction on the defense of assumption of risk. Pleiss claimed that the assumption of risk doctrine is unconstitutional and that there was insufficient evidence to support that instruction. The objection was overruled, and the instruction on assumption of risk was given.

During its deliberations, the jury presented questions to the court regarding the jury instructions. The court answered the jury's questions in the presence of counsel for both parties without having the proceedings recorded. Pleiss' counsel had requested that the proceedings be recorded, but no court reporter was available.

The jury found in favor of Barnes. Pleiss now appeals.

## ASSIGNMENTS OF ERROR

Pleiss claims, rephrased and summarized, that the trial court erred in (1) failing to fully instruct the jury as to the allocation

of negligence in accordance with § 25-21,185.09, (2) giving an instruction on assumption of risk, (3) refusing to instruct the jury on each allegation of negligence pled and supported by evidence adduced at trial, (4) failing to make a record of the proceeding during which jurors asked questions of the court regarding the jury instructions, and (5) overruling Pleiss' motion for directed verdict requesting that the court find Barnes negligent as a matter of law.

## STANDARD OF REVIEW

Whether a jury instruction given by a trial court is correct is a question of law. *McLain v. Ortmeier*, 259 Neb. 750, 612 N.W.2d 217 (2000). When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Doksansky v. Norwest Bank Neb., ante* p. 100, 615 N.W.2d 104 (2000).

In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error necessitating reversal. *Jameson v. Liquid Controls Corp., ante* p. 489, 618 N.W.2d 637 (2000).

## ANALYSIS

### INSTRUCTION REGARDING ALLOCATION OF NEGLIGENCE

Pleiss claims the trial court erred in failing to fully instruct the jury on the effect of the allocation of negligence as required by § 25-21,185.09. Section 25-21,185.09 provides that in cases involving contributory negligence, the jury "shall be instructed on the effects of the allocation of negligence." The trial court determined that this information was included in instruction No. 15, which explained which verdict forms to fill out based on the allocations of negligence. The trial court refused to give the instruction requested by Pleiss.

To establish reversible error from a court's failure to give a requested instruction, an appellant has the burden of showing that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3)

the appellant was prejudiced by the court's failure to give the tendered instruction. *Streeks v. Diamond Hill Farms,* 258 Neb. 581, 605 N.W.2d 110 (2000). Pleiss' tendered instruction is a correct statement of the law. In *Wheeler v. Bagley,* 254 Neb. 232, 575 N.W.2d 616 (1998), this court offered a suggested instruction to the bar and trial courts as a guideline to be utilized in single-defendant negligence cases to inform the jury about the effect of the allocation of negligence as required by § 25-21,185.09. The present case is a single-defendant negligence case, and the instruction proposed by Pleiss and refused by the trial court is nearly identical to the instruction suggested by this court in *Wheeler.*

In *Wheeler,* 254 Neb. at 241, 575 N.W.2d at 621, this court held that "failure to instruct a jury with respect to the effects of its allocation of negligence in accordance with § 25-21,185.09 is prejudicial error." We further determined that a verdict form is not a substitute for a proper instruction and that the verdict form utilized in *Wheeler* did not adequately convey the effects of the allocation of negligence in any event. *Id.*

In the present case, the trial court determined that the information explaining the effect of the allocation of negligence was included as part of instruction No. 15. Instruction No. 15 provides in part, "If you find that the Plaintiff has not met his burden of proof you should complete Verdict Form No. 1 and advise the Bailiff you have reached a verdict and go no further."

Barnes claims that because the jury completed verdict form No. 1, finding in favor of Barnes, the jury never reached the issue of contributory negligence. Thus, Barnes contends that Pleiss was not prejudiced by the trial court's failure to instruct the jury on the effect of its allocation of negligence. Barnes' contention is without merit. In *Wheeler,* we rejected the so-called blindfold rule and held that § 25-21,185.09 mandates that the trial court instruct the jury on the effect of the allocation of negligence and that failure to do so is prejudicial error requiring reversal. We note that during the pendency of this appeal, the Court of Appeals decided *Hess v. Heger,* 9 Neb. App. 748, 619 N.W.2d 237 (2000), which held that failure to instruct on the allocation of negligence was harmless error. To the extent that *Hess* conflicts with this opinion, it is expressly disapproved.

Having determined that the trial court's failure to fully instruct the jury on the allocation of negligence requires reversal, we address only Pleiss' remaining assignments of error involving issues that are likely to arise again on retrial.

## ASSUMPTION OF RISK

■ Pleiss also asserts that the trial court erred in instructing the jury on assumption of risk because the evidence did not support such an instruction. Before the defense of assumption of risk is submissible to a jury, the evidence must show that the plaintiff (1) knew of the specific danger, (2) understood the danger, and (3) voluntarily exposed himself or herself to the danger that proximately caused the damage. *Hill v. City of Lincoln*, 249 Neb. 88, 541 N.W.2d 655 (1996); *Vanek v. Prohaska*, 233 Neb. 848, 448 N.W.2d 573 (1989). See, also, Neb. Rev. Stat. § 25-21,185.12 (Reissue 1995). The doctrine of assumption of risk applies a subjective standard, geared to the individual plaintiff and his or her actual comprehension and appreciation of the nature of the danger he or she confronts. *Vanek, supra* (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 68 (5th ed. 1984)). In contrast, the doctrine of contributory negligence uses the objective " 'reasonable person of ordinary prudence' " standard. *Vanek*, 233 Neb. at 852, 448 N.W.2d at 576.

Pleiss asserts that Barnes has failed to show that Pleiss knew or understood the specific danger which caused him to fall. Pleiss contends that the specific danger presented was the likelihood that the ladder would flip, twist, and start to slide. Pleiss admitted that he knew ladders could "get shaky and fall." However, Pleiss also testified that he had never seen a ladder flip, twist, and slide.

■ In *Winslow v. Hammer*, 247 Neb. 418, 427-28, 527 N.W.2d 631, 637 (1995) (quoting *Sikyta v. Arrow Stage Lines*, 238 Neb. 289, 470 N.W.2d 724 (1991)), we stated that " ' " ' "a plaintiff does not assume a risk of harm arising from the defendant's conduct unless he then knows of the existence of the risk and appreciates its unreasonable character, or the danger involved, including the magnitude thereof, and voluntarily accepts the risk.". . .' " ' " The doctrine of assumption of risk " 'applies to *known dangers* and not to those things from which,

in possibility, danger may flow.' " (Emphasis in original.) *Vanek*, 233 Neb. at 852, 448 N.W.2d at 576 (quoting *Hickman v. Parks Construction Co.*, 162 Neb. 461, 76 N.W.2d 403 (1956)).

The evidence in the present case does not show that Pleiss knew or understood the possibility that the ladder could flip, twist, and start to slide. The ladder in this case never fell. Pleiss' admission that ladders can "get shaky and fall" is simply an acknowledgment that he is aware of the general danger involved in using ladders. As we noted in *Williamson v. Provident Group, Inc.*, 250 Neb. 553, 550 N.W.2d 338 (1996), this type of general knowledge is insufficient to support an assumption of risk defense.

In *Williamson*, the plaintiff, a 93-year-old woman, fell and broke her hip while walking unassisted on a graveled parking lot. The fall occurred while the plaintiff was on an outing organized by the assisted living facility in which she resided. The plaintiff brought a negligence action against the assisted living facility. The defendant argued that the plaintiff had assumed the risk of falling because she had fallen before and chose to walk without assistance across the parking lot. This court disagreed, pointing out that the issue was not whether the plaintiff knew that there was "a general danger involved in walking," but whether the plaintiff knew that walking across this particular parking lot unassisted was dangerous at the time. *Williamson*, 250 Neb. at 556, 550 N.W.2d at 340.

Similarly, in the present case, the question is not whether Pleiss knew that in general ladders could be dangerous, but whether he knew and understood that this particular ladder, either because of its placement or because it was not tied down, created a specific danger that it could flip, twist, and slide, causing him to fall. Because this record does not show that Pleiss had any such specific knowledge or understanding, the trial court erred in instructing the jury on assumption of risk.

Pleiss also asserts that § 25-21,185.12, the assumption of risk statute, is an unconstitutional violation of his right to equal protection. However, because we determine that there was insufficient evidence to warrant an instruction on assumption of risk in this case, we need not address Pleiss' claim that § 25-21,185.12 is unconstitutional.

## JURY INSTRUCTION NO. 2

■ Finally, Pleiss asserts the trial court erred in failing to instruct the jury on all of the allegations of negligence pled and supported by the evidence adduced at trial. A litigant is entitled to have the jury instructed only upon those theories of the case which are presented by the pleadings and which are supported by competent evidence. *Tapp v. Blackmore Ranch*, 254 Neb. 40, 575 N.W.2d 341 (1998). Jury instruction No. 2 given by the trial court stated in part: "[T]he plaintiff must prove, by the greater weight of the evidence, each and all of the following: 1. That the defendant was negligent in failing to secure or otherwise tie the ladder; 2. That this negligence was a proximate cause of the plaintiff's fall."

At the jury instruction conference, Pleiss requested that instruction No. 2 also include the allegation that Barnes was negligent "in placing the ladder against a portion of the house which was not reasonably safe for such use." This allegation was included in Pleiss' operative petition, and Pleiss argued that such an instruction was supported by competent evidence at trial. In particular, Pleiss relies on the following testimony from Barnes during cross-examination: "Q. And you placed an aluminum ladder against an aluminum gutter? A. Yes. Q. And would that in your experience tend to create a slippery potential environment where the ladder might flip out and slide? . . . . A. Yes."

Barnes asserts there is no competent evidence to support Pleiss' allegation that the placement of the ladder was negligent. However, Barnes' own testimony quoted above supports the allegation that placing an aluminum ladder against an aluminum gutter could create an unsafe environment. Barnes' assertion to the contrary is without merit.

Barnes further contends that even if competent evidence existed to support giving the instruction on the placement of the ladder, Pleiss was not prejudiced by the lack of such an instruction. Relying on *Scharmann v. Dayton Hudson Corp.*, 247 Neb. 304, 526 N.W.2d 436 (1995), Barnes contends that the instruction on failing to secure or tie down the ladder encompasses any additional instruction on the placement of the ladder.

In *Scharmann*, the plaintiff requested a specific instruction on the alleged negligence of the defendant in failing to erect barri-

ers or barricades in the parking lot to prevent shopping carts from rolling into customers. We held that the court properly refused this instruction because a separate instruction informed the jury that the defendant was liable if it failed to use reasonable care to protect its business visitors. We determined that the substance of the allegation regarding barriers or barricades was included in this broader instruction. Accordingly, we concluded that " '[i]t is not error to refuse to give a requested instruction if the substance of the request is in the instructions actually given.' " *Scharmann*, 247 Neb. at 308, 526 N.W.2d at 439.

In the present case, instruction No. 2 does not encompass the substance of the allegation of negligent placement of the ladder. Rather, instruction No. 2 identifies but one allegation of negligence, that being Barnes' failure to secure or tie down the ladder. Placement of the ladder and tying the ladder down are two distinct acts. Unlike the instructions at issue in *Scharmann*, there was no broader instruction in this case that could be said to encompass the allegation of negligent placement. The trial court erred in refusing to instruct the jury on Pleiss' allegation of negligence regarding the placement of the ladder.

Finally, given our determination of the above-mentioned issues, it is unnecessary to reach Pleiss' fourth and fifth assignments of error.

## CONCLUSION

For the foregoing reasons, we reverse the judgment and remand the cause for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

CONNOLLY, J., not participating in the decision.

WRIGHT, J., dissenting.

Pleiss fell from a ladder while attempting to place a bundle of shingles on the roof of Barnes' house. The day prior to the accident, Pleiss observed Barnes place the ladder against the gutter of the residence near the rear of the house. Pleiss used the ladder to ascend to the roof at least six times without incident prior to the accident. On these occasions, Pleiss had the bundle of shingles removed from his shoulders by Barnes' son, who was standing on the roof.

When Pleiss fell, he was attempting to place a bundle of shingles on the roof by himself. The ladder "flipped, twisted and

started to slide," and he fell to the ground. After the fall, the ladder was in the same position it had been prior to the accident.

Pleiss had been employed as a framer, and he had observed others using a ladder to repair roofing and clean gutters. Pleiss stated he knew that one of the risks of climbing a ladder was that it could "get shaky and fall down."

The majority has determined that the trial court erred in giving an instruction on assumption of risk and in failing to fully instruct on the effects of allocation of negligence. The majority has concluded that the evidence did not show that Pleiss knew or understood the possibility that the ladder could flip, twist, or slide.

I respectfully dissent. The facts of this case establish the obvious danger of climbing a ladder and attempting to place a bundle of shingles on a roof without assistance. One who knows, appreciates, and deliberately exposes himself to a danger assumes the risk thereof. See *Landrum v. Roddy*, 143 Neb. 934, 12 N.W.2d 82 (1943). In my opinion, Pleiss assumed the risk because the risk of falling during such an undertaking would be readily apparent.

Because I do not believe the trial court erred by instructing the jury on assumption of risk, I assert that the trial court's error in not instructing on contributory negligence was harmless. The jury was instructed that if Barnes met the burden of proving that Pleiss assumed the risk, the jury was to complete the verdict form in favor of Barnes. Since the jury found for Barnes on the issue of assumption of risk, it was not necessary to consider whether Pleiss was contributorily negligent.

For these reasons, I would affirm the judgment of the trial court.