Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/28/2020 09:05 AM CST

Richard G. Schuemann and Janice Schuemann,
appellants, v. Menard, Inc., doing business
as Menards, a foreign corporation
doing business in Nebraska,
appellee.

___ N.W.2d ___

Filed January 21, 2020.    No. A-18-1021.

1. **Jury Instructions.** Whether a jury instruction is correct is a question of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.
3. **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.
4. **Rules of Evidence: Appeal and Error.** Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion.
5. **____: ____.** A trial court's decision to admit habit evidence based on opinion under Neb. Rev. Stat. § 27-406 (Reissue 2016) is reviewed for an abuse of discretion.
6. **Negligence: Evidence: Trial.** Before the defense of assumption of risk is submissible to a jury, the evidence must show that the plaintiff (1) knew of the specific danger, (2) understood the danger, and (3) voluntarily exposed himself or herself to the danger that proximately caused the damage.
7. **Negligence.** The doctrine of assumption of risk applies to known dangers and not to those things from which, in possibility, danger may flow.

- 978 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

8. **Jury Instructions: Evidence.** A tendered jury instruction is warranted by the evidence only if there is enough evidence on the issue to produce a genuine issue of material fact for the jury to decide.

9. **Juries: Verdicts.** A jury, by its general verdict, pronounces upon all or any of the issues in favor of either the plaintiff or the defendant.

10. **Juries: Verdicts: Presumptions.** Because a general verdict does not specify the basis for an award, Nebraska law presumes that the winning party prevailed on all issues presented to the jury.

11. **Rules of Evidence.** The rule of completeness allows a party to admit the entirety of an act, declaration, conversation, or writing when the other party admits a part and when the entirety is necessary to make it fully understood.

12. \_\_\_\_. The rule of completeness is concerned with the danger of admitting a statement out of context, but when this danger is not present, it is not an abuse of discretion to refuse to require the production of the remainder or, if it cannot be produced, to exclude all the evidence.

13. **Presumptions: Proof: Words and Phrases.** A rebuttable presumption is generally defined as a presumption that can be overturned upon the showing of sufficient proof.

14. **Presumptions: Words and Phrases.** Nonevidentiary presumptions, commonly referred to as "bursting bubble" presumptions, shift only the burden of production, and if that burden is met, the presumption disappears.

15. **Jury Instructions: Proof: Appeal and Error.** To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction.

Appeal from the District Court for Sarpy County: Stefanie A. Martinez, Judge. Affirmed.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellants.

Robert W. Futhey and Daniel J. Gutman, of Fraser Stryker, P.C., L.L.O., for appellee.

Pirtle, Riedmann, and Welch, Judges.

- 979 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

Riedmann, Judge.

## INTRODUCTION

Richard G. Schuemann and Janice Schuemann sued Menard, Inc., doing business as Menards (Menards), in the district court for Sarpy County for negligence and premises liability after Richard sustained injuries due to the alleged negligence of Menards. A jury found in favor of Menards. The Schuemanns appeal. Finding no error by the district court, we affirm.

## BACKGROUND

On July 1, 2010, the Schuemanns went to the Menards store located in Bellevue, Sarpy County, Nebraska, and purchased a storage shed packaged in a large box. A Menards employee lifted the shed box with a forklift and placed it into the bed of Richard's truck. Once back at their house, the Schuemanns left the box in the truck and took the pieces out of the box individually in order to assemble the shed. At trial, Richard was asked whether he tried to lift the box itself, and he said no, but that each individual piece was heavy. He knew that the contents of the box, before they had been unpacked, were too heavy for him to lift.

The Schuemanns returned to the same Menards store the following day and purchased an identical shed packaged in the same fashion. On that occasion, Richard backed his truck into the loading area of the store. A Menards employee, later identified as Nicholas Moore, took Richard's purchase ticket, and the two men walked over to the shed boxes. Moore pulled a large cart up next to the boxes and got on one side of the box. Richard testified that Moore said they had to pick up the box and put it on the cart and that Moore then started lifting one side of the box. According to Richard, Moore "directed" or "requested" that Richard help pick up the other side of the box. Richard said he felt that he needed to help at that point, because Moore was struggling with the box and Richard thought Moore was going to hurt himself. Richard acknowledged that he could have declined to help lift the

- 980 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

box, but that he did not do so. As Richard started lifting the other side of the box, he suddenly experienced searing pain in his back.

As a result of his back pain, Richard went to a hospital and notified Menards of his injury. Thereafter, he underwent medical treatment for his injuries. On July 1, 2014, the Schuemanns filed a complaint against Menards. They alleged that as a result of the negligence of Menards and its employees, Richard suffered injuries to his back, neck, and shoulder and Janice suffered a loss of consortium for the loss of service and companionship of Richard. Menards' answer raised several affirmative defenses, including assumption of risk.

The matter proceeded to a jury trial in 2018. At trial, Menards offered into evidence an audio recording of a statement Richard made to an adjuster for an insurance company presumably for Menards. Menards offered into evidence only the first 13 minutes 25 seconds of the recorded conversation, redacting the final 3 minutes 32 seconds of the conversation. The recording was received into evidence over the Schuemanns' objection on the rule of completeness. Thereafter, the Schuemanns requested a jury instruction on the rebuttable presumption that the statement had been taken under duress pursuant to Neb. Rev. Stat. § 25-12,125 (Reissue 2016). The district court refused to give the instruction. The jury ultimately found in favor of Menards. The Schuemanns filed a motion for new trial and/or a motion to alter or amend. The motions were denied. The Schuemanns now appeal.

## ASSIGNMENTS OF ERROR

The Schuemanns assign that the district court erred in (1) instructing the jury on the defense of assumption of risk, (2) failing to file and show all refused jury instructions or amendments to instructions resulting in the given instructions, (3) admitting into evidence the audio recording over their objection, (4) refusing to give their proposed jury instruction on the presumption of duress, and (5) failing to sustain their

- 981 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

objections to Moore's testimony on the grounds of foundation and speculation.

## STANDARD OF REVIEW

[1,2] Whether a jury instruction is correct is a question of law. *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id*.

[3,4] In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules and judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *State v. Savage*, 301 Neb. 873, 920 N.W.2d 692 (2018), *modified on denial of rehearing* 302 Neb. 492, 924 N.W.2d 64 (2019). Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *Id*.

[5] A trial court's decision to admit habit evidence based on opinion under Neb. Rev. Stat. § 27-406 (Reissue 2016) is reviewed for an abuse of discretion. *Borley Storage & Transfer Co. v. Whitted*, 271 Neb. 84, 710 N.W.2d 71 (2006).

## ANALYSIS

*Assumption of Risk Instruction.*

The Schuemanns assign that the district court erred in instructing the jury on the defense of assumption of risk, arguing that the instruction was not supported by the evidence because there was no evidence that Richard was apprised of any specific risk of potential injury in helping to lift the box onto the cart.

[6,7] Before the defense of assumption of risk is submissible to a jury, the evidence must show that the plaintiff (1) knew of the specific danger, (2) understood the danger, and (3) voluntarily exposed himself or herself to the danger that proximately

- 982 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

caused the damage. *Pleiss v. Barnes*, 260 Neb. 770, 619 N.W.2d 825 (2000). See, also, Neb. Rev. Stat. § 25-21,185.12 (Reissue 2016). The doctrine of assumption of risk applies a subjective standard, geared to the individual plaintiff and his or her actual comprehension and appreciation of the nature of the danger he or she confronts. *Pleiss v. Barnes, supra*. A plaintiff does not assume a risk of harm arising from the defendant's conduct unless he then knows of the existence of the risk and appreciates its unreasonable character, or the danger involved, including the magnitude thereof, and voluntarily accepts the risk. *Id*. The doctrine of assumption of risk applies to *known dangers* and not to those things from which, in possibility, danger may flow. *Id*.

In *Pleiss v. Barnes, supra*, the plaintiff was injured when a ladder on which he was standing flipped, twisted, and started to slide, causing him to fall. The plaintiff testified that he knew that ladders could "'get shaky and fall'" but that he had never seen a ladder "flip, twist, and slide" prior to his injury. *Id*. at 775, 619 N.W.2d at 829. Applying the subjective standard set forth above, the Nebraska Supreme Court recognized that the question was not whether the plaintiff knew that in general ladders could be dangerous, but whether he knew and understood that this particular ladder, either because of its placement or because it was not tied down, created a specific danger that it could flip, twist, and slide, causing him to fall. And where the record did not indicate any such specific knowledge or understanding, the Supreme Court held that the trial court erred in instructing the jury on assumption of risk.

In *Burke v. McKay*, 268 Neb. 14, 679 N.W.2d 418 (2004), an action involving a claim that a rodeo stock provider furnished an unusually dangerous bucking horse to a high school rodeo, the Supreme Court noted that the plaintiff rider's acknowledged familiarity with the general risks of injury inherent in rodeo competition could not form the basis of an assumption of risk defense. However, the Supreme Court concluded that the rider had actual knowledge of the specific danger posed

- 983 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

by the horse because he had observed a previous incident in which a rider was injured when the same horse performed in the same unusual manner which caused his injury.

In the present case, the evidence supports a finding that given Richard's experience with this specific type of shed box on the day prior to his injury, he had actual knowledge of the specific risk. Richard had purchased the same type of shed the day before his injury, and although a Menards employee put the shed box into Richard's truck, Richard said that once he got the box home, he and his wife took the individual pieces out of the box, and that each individual piece was heavy. He knew that the contents of the box, before they had been unpacked, were too heavy for him to lift.

Richard admitted that the following day at Menards, Moore requested that Richard help him lift the box onto the cart and Richard hesitated and said, "[N]o, I don't think I should." In an attempt to impeach Richard, counsel read an excerpt from Richard's deposition in which Richard related his statement to Moore that "'I have a neck injury and I don't think I should lift that.'" Although a subsequent objection was sustained, the testimony was not stricken. We recognize that Richard adduced conflicting evidence tending to prove that he was unaware of the danger of lifting the box; however, determining which party's evidence is credible or not is a question for the jury. See *Higginbotham v. Sukup*, 15 Neb. App. 821, 737 N.W.2d 910 (2007). Richard acknowledged that he could have refused to help lift the box, but decided to assist Moore because it looked like Moore was struggling and Richard was afraid Moore was going to "hurt himself." Richard testified that he, himself, had had "a lot of lower and middle and upper back problems in [his] life."

[8] Given (1) that Richard purchased the same type of shed on July 1, 2010, and knew that because each piece was heavy, the whole box was heavy; (2) that he was hesitant to assist Moore and initially stated he did not think he should; and (3) that he saw Moore struggling to lift the box and was afraid

- 984 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

Moore would hurt himself, the evidence could support a finding that Richard appreciated the specific danger posed by lifting the heavy shed box and the risk of injury. Additionally, Richard acknowledged that he could have declined to help lift the box, and thus, a jury could conclude that he voluntarily exposed himself to the danger. A tendered jury instruction is warranted by the evidence only if there is enough evidence on the issue to produce a genuine issue of material fact for the jury to decide. *Armstrong v. Clarkson College*, 297 Neb. 595, 901 N.W.2d 1 (2017). We therefore find no error in the district court's decision to instruct the jury on assumption of risk.

The Schuemanns also claim that the assumption of risk defense was improperly included in jury instruction No. 11. Menards argues that the Schuemanns did not object on these grounds at trial. At the jury instruction conference, the Schuemanns acquiesced to including affirmative defenses as part of instruction No. 11. But they reiterated their objection that the evidence did not support an assumption of risk instruction, as discussed above. Thus, this issue has been preserved for appeal. But because we have determined that the jury was properly instructed on assumption of risk, we find no error in its inclusion as part of instruction No. 11.

Menards contends that the giving of the assumption of risk instruction was proper, but even if the court erred by instructing the jury as to this affirmative defense, the general verdict rule bars the Schuemanns' challenge. We agree.

[9,10] A jury, by its general verdict, pronounces upon all or any of the issues in favor of either the plaintiff or the defendant. *Facilities Cost Mgmt. Group v. Otoe Cty. Sch. Dist.*, 298 Neb. 777, 906 N.W.2d 1 (2018). Because a general verdict does not specify the basis for an award, Nebraska law presumes that the winning party prevailed on all issues presented to the jury. *Id*.

Applying the general verdict rule here, we presume the jury found in Menards' favor on all issues submitted, including

- 985 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

whether it was negligent and if it maintained its premises in a reasonably safe condition. It is within this framework that we analyze the Schuemanns' assignment of error that the jury was erroneously instructed.

Here, the jury was instructed to consider Menards' affirmative defenses only if it found the Schuemanns had met their burden of proof on their negligence and premises liability claims. Specifically, jury instruction No. 10 stated, "[I]f the [Schuemanns] *have* met this burden of proof on one of their claims, then you must consider [Menards'] affirmative defenses." Under the general verdict rule, we presume the jury determined the negligence and premises liability issues in favor of Menards. Thus, the jury never reached the question of Menards' affirmative defenses, and any alleged error in instructing the jury on the assumption of risk defense would necessarily be harmless. See *Facilities Cost Mgmt. Group v. Otoe Cty. Sch. Dist., supra*. The Schuemanns' assigned error relating to the assumption of risk defense cannot form the basis for reversible error. See *id*.

*Failure to File and Mark*
*Jury Instructions.*

The Schuemanns argue that the district court committed reversible error when it failed to abide by Neb. Rev. Stat. §§ 25-1113 and 25-1114 (Reissue 2016). Section 25-1113 requires that the court write the words "given" or "refused," as the case may be, on the margin of each jury instruction. Under § 25-1114, all instructions requested and given must be filed by the clerk before being read to the jury and shall be preserved as part of the record. The Schuemanns argue that there is no such filing in the present case, and although the instructions contained in the transcript appear to be those that were given to the jury, they are not marked as such.

The record indicates that the Schuemanns did not raise an objection on these statutory grounds at trial. The objection that the instructions were not filed must be made when or

- 986 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

before the instructions are read; otherwise, the objection is waived. See, *Minzer v. Willman Mercantile Co.*, 59 Neb. 410, 81 N.W. 307 (1899); *Fire Ass'n of Philadelphia v. Ruby*, 58 Neb. 730, 79 N.W. 723 (1899). Failure to mark an instruction "'given'" is not available as error, in the absence of an exception on that ground. *Hurlbut v. Proctor*, 88 Neb. 491, 492, 129 N.W. 995, 996 (1911). Because no objection was made to the district court, the Schuemanns are precluded from raising the issue on appeal. We therefore decline to address this assigned error.

*Recorded Conversation.*

The Schuemanns assert that the district court erred in receiving into evidence, over their objection, the audio recording of the statement Richard gave to an insurance adjuster. They claim that they were unaware that the recording Menards was going to offer into evidence at trial was a redacted version of the recording and argue that Menards' failure to offer the entire recording into evidence violates the rule of completeness.

[11,12] The rule of completeness allows a party to admit the entirety of an act, declaration, conversation, or writing when the other party admits a part and when the entirety is necessary to make it fully understood. *State v. Savage*, 301 Neb. 873, 920 N.W.2d 692 (2018), *modified on denial of rehearing* 302 Neb. 492, 924 N.W.2d 64 (2019). See Neb. Rev. Stat. § 27-106 (Reissue 2016). The rule of completeness comes into play when a statement is admitted into evidence out of context. *Nickell v. Russell*, 260 Neb. 1, 614 N.W.2d 349 (2000). Because § 27-106 is concerned with the danger of admitting certain statements taken out of context, additional evidence is admissible only if it qualifies or explains the previous testimony. *Nickell v. Russell, supra*. When this danger is not present, it is not an abuse of discretion to refuse to require the production of the remainder or, if it cannot be produced, to exclude all the evidence. *State v. Savage, supra*.

- 987 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

In the present case, the entire recorded conversation between Richard and the insurance adjuster lasted 16 minutes 57 seconds. Menards offered into evidence the first 13 minutes 25 seconds of the conversation. The Schuemanns objected on the ground of rule of completeness, arguing that it was inappropriate to offer a redacted version. The objection was overruled, and the recording was received into evidence and played for the jury. On appeal, the Schuemanns do not argue that the portion played for the jury was taken out of context or needed additional explanation; rather, they assert that the remaining 3 minutes 32 seconds of the conversation added additional details and bolstered Richard's credibility.

We have listened to the entire recorded conversation and conclude that the admitted portion of the conversation was not taken out of context and that the redacted portion of the conversation does not qualify or explain the admitted portion. Rather, in the minutes of the conversation that were omitted, there is a discussion regarding insurance coverage and Richard's Medicare coverage, which is inadmissible at trial not only by law, see Neb. Rev. Stat. § 27-411 (Reissue 2016) and *Kvamme v. State Farm Mut. Auto. Ins. Co.*, 267 Neb. 703, 677 N.W.2d 122 (2004), but, also, because the district court granted Menards' pretrial motion in limine which prohibited the introduction of any evidence related to insurance coverage. Intertwined with this discussion, Richard made additional statements regarding the incident such as there was no one around to help him and he is sure there would be "videos" of the incident. But because the danger of admitting certain statements out of context is not present here, it was not an abuse of discretion for the district court to decline to exclude the recording offered by Menards.

*Jury Instruction Regarding Duress.*

The Schuemanns argue that the district court erred in refusing to give their proffered jury instruction pursuant to § 25-12,125, because the jury was entitled to know the

- 988 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

statutory presumption that the statement Richard gave to the insurance adjuster was made under duress. We find no error in the court's refusal to so instruct the jury.

Section 25-12,125 provides:

(1) There shall be a rebuttable presumption that any statement secured from an injured person by an adverse person at any time within thirty days after such injuries were sustained shall have been taken under duress for purposes of a trial of any action for damages for injuries sustained by such person or for the death of such person as the result of such injuries.

(2) The presumption described in subsection (1) of this section may be rebutted by evidence. The presumption shall be deemed rebutted as a matter of law if the adverse person taking the statement discloses to the injured person prior to taking the statement:

(a) Whom he or she represents;

(b) That the injured person may make the statement in the presence of counsel or any other representative; and

(c) That a copy of the statement is available at no cost to the injured person.

There is no dispute that the factors required to rebut the presumption as a matter of law under § 25-12,125(2) were not present here. Thus, in order to rebut the presumption, Menards was required to present evidence that the statement that Richard gave was not made under duress. And because the district court refused the Schuemanns' jury instruction on the statutory presumption, we infer that the court found that sufficient evidence had been presented to rebut the presumption.

[13] A rebuttable presumption is generally defined as a presumption that can be overturned upon the showing of sufficient proof. *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003), *disapproved on other grounds, Kimminau v. Uribe Refuse Serv.*, 270 Neb. 682, 707 N.W.2d 229 (2005). In most instances, a presumption imposes

- 989 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence. See *id.* See, also, Neb. Rev. Stat. § 27-301 (Reissue 2016).

In Nebraska, we have two types of true presumptions: evidentiary presumptions and nonevidentiary presumptions. NJI2d Civ. 2.14A, comment IV. Evidentiary presumptions are those created by § 27-301, which states, "In all cases not otherwise provided for by statute or by these rules a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." Section 27-301 shifts the burden of persuasion and production, as to a particular issue. See *Hopkins v. Hopkins*, 294 Neb. 417, 883 N.W.2d 363 (2016). With evidentiary presumptions, the jury is instructed as to the effect of the presumption depending upon the evidence presented. See, generally, NJI2d Civ.2.14A through 2.14D.

[14] Nonevidentiary presumptions do not shift the burden of persuasion; rather, they shift the burden of production. *Hopkins v. Hopkins, supra*; NJI2d Civ. 2.14A, comment IV(B). They are commonly referred to as "bursting bubble" presumptions. *Hopkins v. Hopkins, supra*; NJI2d Civ. 2.14A, comment IV(B). Once opposing counsel produces evidence to rebut the presumed fact, the presumption disappears. NJI2d Civ. 2.14A, comment IV(B). It is then left to the jury to determine the credibility of the evidence.

One commentator has identified the rebuttable presumption of § 25-12,125 as not fitting into any category of presumptions, further explaining, "I put this in this category because in so far as I can see this presumption is meaningless." G. Michael Fenner, *Presumptions: 350 Years of Confusion and It Has Come to This*, 25 Creighton L. Rev. 383, 422 (1992). It seems to us that because the presumption contained in § 25-12,125 can be rebutted by evidence, and can be rebutted as a matter of law by certain evidence, it is concerned with the burden of production, and not the burden of persuasion,

- 990 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

making it a nonevidentiary presumption, if it is a presumption at all.

In the present case, the evidence established that the insurance adjuster called Richard on July 6, 2010, 4 days after he sustained his injuries. As can be heard on the recording of the call, Richard was able to follow along and answer questions appropriately. He explained what happened while he was at Menards, volunteered information where appropriate, and did not appear to be confused. Thus, the evidence supports the district court's determination that the presumption of duress had been rebutted by the evidence.

Even though the jury was not instructed on the presumption, the basic facts surrounding the statement were in evidence for the jury's consideration and credibility assessment. As explained in the Nebraska Jury Instructions:

> While the presumption vanishes, the basic facts, that is, the facts that kicked in the presumption, remain in the case. They remain in evidence. And the trier of fact weighs those basic facts exactly as it weighs every other fact in evidence. They can find the basic facts to be true or not. And if they find the basic facts to be true, they can infer therefrom the formerly presumed fact. That is, the weight added when the presumption kicks in is the shift in the burden of production; when the presumption bursts, that weight is removed; nothing else changes. The facts that created the presumption have not vanished and trier-of-fact still considers them for whatever they are worth.

NJI2d Civ. § 2.14A, comment IV(C).

In addition to the evidence detailed above, Richard testified at trial that when the adjuster called, he had just woken up, and that Richard told him he "was on a lot of medication and [he] didn't know exactly how [the call] was going to go." He later reiterated that although it was not included on the recording played for the jury, at the beginning of the call, he told the caller that he had taken a lot of pain pills and he "didn't

- 991 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

know how accurate [he] would be with things." All of these facts were presented to the jury for its consideration in reaching its verdict.

[15] To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018). However, if the instructions given, which are taken as a whole, correctly state the law, are not misleading, and adequately cover the issues submissible to a jury, there is no prejudicial error concerning the instructions and necessitating a reversal. *Id*. Because the district court determined that evidence had been presented to rebut the presumption of duress, the Schuemanns' proposed jury instruction was not warranted by the evidence. The court therefore did not err in refusing to give the tendered instruction.

*Objections to Moore's Testimony.*

The Schuemanns assert that the district court erred in overruling their objections to Moore's testimony on the grounds of foundation and speculation. They claim that because Moore admitted that he had no personal recollection of the events involving the Schuemanns, he should have been prohibited from testifying as to what he would or would not have done relative to his interactions with Richard. We find that Moore was properly permitted to testify as to his habit under § 27-406.

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice. § 27-406(1). The exercise of judicial discretion is implicit in

- 992 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

determinations of relevancy and admissibility under § 27-406, and as a result, the trial court's decision will not be reversed absent an abuse of discretion. *Hoffart v. Hodge*, 9 Neb. App. 161, 609 N.W.2d 397 (2000). Under § 27-406, the trial court determines whether the predicate evidence necessary to prove conduct by habit has been introduced. Habit may be shown by opinion or specific instances of conduct. *Hoffart v. Hodges, supra*. See § 27-406(2). It is within the trial court's discretion to determine if there is sufficient foundation for a witness to give his or her opinion about an issue in question. *Hoffart v. Hodge, supra*.

The Nebraska appellate courts have previously allowed testimony by witnesses as to their habits in order to prove conformity on a particular occasion. In *Hoffart v. Hodge, supra*, this court upheld the admission of the testimony of a defendant medical doctor in a medical malpractice action as to his regular practice and routine of advising his patients. In doing so, we recognized the practical reality that a doctor cannot be expected to specifically recall the advice or explanation he or she gives to each and every patient he or she treats. Thus, evidence of habit may be the only vehicle available for a doctor to prove that he or she acted in a particular way on a particular occasion. *Id*.

Relying upon the rationale of *Hoffart v. Hodge, supra*, the Supreme Court upheld the admission of the testimony of a lawyer in a legal malpractice case regarding the advice he routinely gave to his clients under particular circumstances. See *Borley Storage & Transfer Co. v. Whitted*, 271 Neb. 84, 710 N.W.2d 71 (2006).

In the present case, Moore testified that he began working at Menards around 2008 or 2009. He worked in the building materials department for approximately 3 years before he was promoted to management and was employed at Menards for a total of 5½ or 6 years. At the beginning of his employment, he received training and guidance on assisting customers and loading and unloading items. He was taught to help

- 993 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

all customers he encountered, particularly if a customer was lifting something that appeared too heavy. He explained that Menards referred to its customers as "guests" and that he was taught to treat customers as if they were guests in his own home. During his employment, he assisted hundreds, if not thousands, of customers and established habits and routines associated with assisting customers, which habits he would use on a general basis.

Although it is undisputed that Moore was the Menards employee who assisted Richard on July 2, 2010, Moore admitted that he did not specifically recall his interactions with Richard. However, he testified over objection that based on the habits and routines that he had established, he did not think he would have told a customer that the customer had to help him load a shed box onto a cart, because doing so would not be consistent with how he treated his guests. He also testified over objection that he believed he would recall if he had been helping a customer and the customer suddenly started limping and visibly experiencing pain, because that is not something he would have typically seen from a customer, and that he would have noticed something was wrong if a customer started limping. He also said that if he had seen a customer in visible pain, he would not have asked the customer for assistance.

Moore's testimony as to his habits when assisting his guests while working at Menards tends to establish how he acted when assisting Richard. Habit evidence makes it more probable that the person acted in a manner consistent with that habit. See *Hoffart v. Hodge*, 9 Neb. App. 161, 609 N.W.2d 397 (2000). Like the witnesses in *Hoffart v. Hodge, supra*, and *Borley Storage & Transfer Co. v. Whitted, supra*, Moore explained that he assisted hundreds, if not thousands, of customers during his employment at Menards and that he could not specifically remember the events at issue here. Thus, evidence of habit may be the only vehicle available to prove that someone acted in a particular way on a particular occasion.

- 994 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
SCHUEMANN v. MENARD, INC.
Cite as 27 Neb. App. 977

See *Hoffart v. Hodge, supra*. The fact that Moore did not specifically remember assisting Richard does not render his testimony inadmissible, because § 27-406 allows proof of habit by opinion. See *Hoffart v. Hodge, supra*. As a result, the district court did not abuse its discretion in overruling the Schuemanns' objections to Moore's testimony.

## CONCLUSION

Having rejected the arguments raised on appeal, we affirm the district court's order.

AFFIRMED.