LLOYD R. TRACKWELL, APPELLANT, V. BURLINGTON NORTHERN RAILROAD COMPANY, A CORPORATION, AND STATE OF NEBRASKA, APPELLEES.

454 N.W.2d 497

Filed May 4, 1990.    No. 88-509.

T.J. Hallinan and Gordon D. Ehrlich, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

Terry C. Dougherty, of Knudsen, Berkheimer, Richardson & Endacott, for appellee Burlington Northern.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Per Curiam.

Plaintiff, Lloyd R. Trackwell, appeals the judgment entered pursuant to verdict which dismissed his negligence action against appellee Burlington Northern Railroad Company. Trackwell's employer, defendant-appellee State of Nebraska, was made a party to protect its workers' compensation subrogation claim. Trackwell claims, among other things, that the trial court erred in submitting to the jury an issue concerning his purported assumption of the risk. That assignment of error having merit, we reverse and remand for a new trial.

On December 3, 1984, Trackwell was on duty as a state trooper for the Nebraska State Patrol when he heard over the railroad frequency of his scanner that an accident had occurred between a Burlington train and a 5- to 7-foot track car. A Burlington employee, Tim Knapp, had been operating the track car and had parked it on a sidetrack alongside Burlington's main line near Thedford, Nebraska. The track car apparently rolled to a railroad switch which connected the sidetrack with the main line, and at that point collided with a train which was traveling along that line. The collision derailed the track car, leaving it partially blocking the main line.

Trackwell proceeded to the scene of the mishap to determine whether anyone had been injured, found Knapp at the scene, and determined that no one had been hurt.

While the testimony is conflicting as to whether Trackwell first offered his assistance or whether Knapp first asked for Trackwell's assistance, both testify that Trackwell agreed to help Knapp move the track car off the main line, and Knapp did, at some point, ask Trackwell to help him with this task.

Knapp testified that in communicating with Trackwell before moving the track car, "[w]hat I told him was I just wanted to get it off the track, and the quickest way was just to shove it up over the — that south rail . . . ." Trackwell proceeded to grasp the track car's handlebar and asked Knapp if it was "okay" to lift the handlebar; Knapp responded affirmatively. Trackwell then

lifted one end of the track car off the ground. Meanwhile, Knapp, who was on the other side of the track car and out of Trackwell's sight, pushed and shoved it.

Trackwell testified that Knapp's efforts in pushing the track car caused it to move in his direction, thus increasing the amount of weight Trackwell was supporting. The added weight and the movement of the track car caused Trackwell's right ankle to twist, and the twisting of his ankle precipitated the fracture of Trackwell's leg.

In his petition, Trackwell alleged:

5. On December 3, 1984, [Trackwell], during the course and scope of his employment [as a trooper], was working with one of [Burlington's] employees to clear track wreckage when he positioned himself to lift a [track car] back on the track and as a proximate result of the negligent and careless acts of omission and comission [sic] of the employee of [Burlington] as hereby alleged said [track] car rolled over onto [Trackwell], proximately resulting in injuries to [him].

6. [Trackwell's] injuries were a proximate result of the negligence of [Burlington's] employee while acting in the scope of his employment in the following particulars:

(a) Failure to use reasonable care in clearing the wreckage from the track;

(b) Failure . . . to warn [Trackwell] of his course of action;

(c) That said employee did push said wreckage onto and against [Trackwell].

7. As a result of the negligence of [Burlington's] employee, [Trackwell] suffered injuries consisting of injuries to his right leg, right ankle, and right foot.

Burlington's answer to the petition asserts, among other defenses, that Trackwell knowingly assumed the risk which caused his injury.

One of the trial court's instructions states in part:

[Trackwell] claims in his petition that [Burlington] was negligent in one or more of the following particulars:

1. Failure to use reasonable care in clearing the wreckage from the track;

2. Failure of [Burlington's] employee to warn [Trackwell] of his course of action;

[Trackwell] further claims that he was injured as a proximate result of that negligence, and he therefore prays for judgment against [Burlington] for his damages.

. . . .

In defense to [Trackwell's] claim, [Burlington] alleges that

. . . .

b. [Trackwell] assumed the risk of his own injury.
Another of the trial court's instructions states in part:

In connection with the defense of "assumption of risk" the burden is upon [Burlington] to prove, by a preponderance of the evidence, each and all of the following propositions:

1. That [Trackwell] knew and appreciated the danger;

2. That [Trackwell] voluntarily or deliberately exposed himself to that danger; and

3. That as a proximate result of that danger the injury to [Trackwell] occurred.

If [Burlington] has failed to establish any or all of the above numbered propositions by a preponderance of the evidence, you will disregard such defense.

If [Burlington] has established each of the above numbered propositions by a preponderance of the evidence, your verdict will be in favor of [Burlington] and against [Trackwell] whether or not you find that [Burlington's] alleged negligence was also a proximate cause of [Trackwell's] injuries.

Although, despite the contrary assertion in the petition, the record clearly shows that the track car did not strike or fall onto Trackwell, he nonetheless correctly points out that the record contains no evidence that he assumed the risk that Knapp would fail to use reasonable care in attempting to remove the track car from the main line.

Burlington argues that the assumption of risk instruction was properly based upon the following testimony as given by Trackwell:

Q. Regardless of who asked whom, you did agree to

help move the motor car, though?

A. Yes, I did.

Q. You did that voluntarily?

A. Yes.

. . . .

Q. As you looked at the motor car before you tried to lift it did you know how much it weighed?

A. No.

. . . .

Q. As you looked at it before you tried to lift it you did realize it was heavy?

A. Yes.

. . . .

Q. The motor car was heavy enough that it would be something that you would not want to have dropped on you; would you agree with that statement?

A. Yes.

Q. Or pushed up against you?

A. Yes.

Q. Would you agree that you'd have to exercise caution in the way you lifted it in order not to strain or hurt yourself?

A. Yes.

Q. You realized those things before you tried to lift the motor car; didn't you?

A. Yes.

Q. Before attempting to lift the motor car, did you realize that it could be dangerous to lift and move that motor car unless that was done properly?

A. Yes.

Q. Do you realize that if you were struck or pushed down by that motor car that you could be injured?

A. Yes.

Q. And you realized that also before you attempted to move it?

A. Yes.

Q. Knowing that, you went ahead and voluntarily participated in the operation of moving the motor car; is that correct?

A. That's correct.

The foregoing testimony reveals that Trackwell was generally aware of the potential danger inherent in attempting to move heavy equipment such as the track car. However, Knapp, in working with Trackwell in an effort to move the track car, was under a duty to conform to the legal standard of reasonable conduct in light of the apparent risk. See, *Tiede v. Loup Power Dist.*, 226 Neb. 295, 411 N.W.2d 312 (1987); *Holden v. Urban*, 224 Neb. 472, 398 N.W.2d 699 (1987). Consequently, Trackwell was entitled to expect that Knapp would use reasonable care in moving the track car. That is, Trackwell could expect that Knapp would not act negligently in attempting to move the track car.

While Trackwell's testimony does indicate that Trackwell was aware of the general risk inherent in moving heavy equipment and that he accepted, that is, assumed, that risk, neither Trackwell's testimony nor any other portion of the record supports a contention that Trackwell assumed the added risk resulting from Knapp's allegedly negligent conduct in moving the track car.

In *Vanek v. Prohaska*, 233 Neb. 848, 852, 448 N.W.2d 573, 576 (1989), this court stated:

When a defendant pleads assumption of risk as an affirmative defense in a negligence action, the defendant has the burden to establish the elements of assumption of risk before that defense, as a question of fact, may be submitted to the jury. *Mandery* [*v. Chronicle Broadcasting Co.*, 228 Neb. 391, 423 N.W.2d 115 (1988)]. Before the defense of assumption of risk was submissible to the jury, evidence must have shown that the decedent (1) *knew* of the danger, (2) understood the danger, and (3) voluntarily exposed herself to the *danger which proximately caused* the plaintiff's damage. *Mandery, supra*.

(Emphasis in original.) The first of the three requirements set forth in *Vanek* is not satisfied in this case, as the record before this court contains no evidence to support a determination that Trackwell knew that Knapp would act negligently.

Whether Knapp acted negligently is, of course, a question

for a trier of fact to decide. In order to recover, Trackwell must first prove that Knapp's actions were in fact negligent. Once Trackwell accomplishes this, he must then show that such negligence was the proximate cause of his injury and damages. However, in the absence of any evidence that Trackwell knew that Knapp would act in a negligent manner, Burlington was not entitled to an assumption of risk instruction.

As in *Vanek*, submitting the assumption of risk defense to the jury was prejudicial to Trackwell's substantial right to a fair trial and constituted reversible error, as the evidence was insufficient to sustain an affirmative finding on the assumption of risk issue.

Jury instructions are to be confined to the issues found in the pleadings and which find support in the evidence. Generally, it is error to submit an issue which is not sustained by the evidence. *Dotzler v. Tuttle*, 234 Neb. 176, 449 N.W.2d 774 (1990).

REVERSED AND REMANDED FOR A NEW TRIAL.