BOBBY L. SMITH AND TEENA M. SMITH, HUSBAND AND WIFE, APPELLANTS, V. FIRE INSURANCE EXCHANGE OF LOS ANGELES, CALIFORNIA, APPELLEE.

626 N.W.2d 534

Filed May 25, 2001.   No. S-00-299.

Kenneth Cobb, of Cobb & Hallinan, P.C., for appellants.

Thomas H. Cellilli III, Matthew D. Hammes, Donald A. Kohtz, and Thomas M. Locher, of Locher, Cellilli, Pavelka & Dostal, L.L.C., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Bobby L. Smith and Teena M. Smith made demand under a homeowner's insurance policy to recover for the loss of their house after it was destroyed by fire. When their insurer, Fire Insurance Exchange of Los Angeles, California (Fire Insurance Exchange), denied coverage, the Smiths filed this action in the district court for Webster County. Following trial, a jury entered a verdict in favor of Fire Insurance Exchange, and the Smiths appealed.

## SCOPE OF REVIEW

■ Whether a jury instruction given by a trial court is correct is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Pleiss v. Barnes*, 260 Neb. 770, 619 N.W.2d 825 (2000).

## FACTS

In November 1997, the Smiths purchased a house at auction in Guide Rock, Nebraska, for $14,250. The Smiths paid $3,500 of the purchase price, and the balance was to be paid out of the proceeds of a $30,000 loan the Smiths obtained from the Guide Rock State Bank. The mortgage included funds for purchase of the house and additional funds for remodeling the structure.

The bank, as mortgagee, requested that the Smiths obtain a homeowner's insurance policy. The Smiths procured a policy through Fire Insurance Exchange that would provide $84,000 in insurance benefits if the home was totally destroyed. The policy excluded payment to any insured who directly caused or arranged for a loss to the house in order to obtain insurance proceeds. The effective date of the coverage was December 9, 1997.

On January 11, 1998, at approximately 2:20 a.m., a fire started in the vicinity of a wood-burning stove in the Smiths' house, which was unoccupied. The house was completely destroyed as a result of the fire, and the Smiths made demand upon Fire Insurance Exchange for coverage. After an investigation as to the cause of the fire, Fire Insurance Exchange denied payment. The Smiths then commenced their action against Fire Insurance Exchange, alleging a failure to pay its obligations under the insurance policy following the destruction of their house by a fire that the Smiths claimed was accidental. Fire Insurance Exchange denied that the fire was accidental and affirmatively alleged that the Smiths had intentionally started the fire, in violation of the terms of the policy, as well as other breaches of the Smiths' obligations under the policy.

The jury returned a verdict for Fire Insurance Exchange, and the Smiths have appealed.

## ASSIGNMENTS OF ERROR

The Smiths make numerous assignments of error; however, because of our disposition of this appeal, it is not necessary for us to address each of them. The relevant assignments of error can be summarized and restated as follows: (1) The trial court erred in giving instruction No. 12 and (2) the trial court erred in failing to give proposed instructions Nos. 17, 18, and 19.

## ANALYSIS

The Smiths argue that the trial court erred in giving instruction No. 12, which provided:

> It is firmly established that in cases of this kind circumstantial evidence is not only admissible, but it is usually the only evidence obtainable, since it is very evident that in almost no instance can direct testimony of eyewitnesses be

obtained. Persons deciding to burn their property for the purpose of collecting the insurance do not discuss their intentions with others, nor do they carry out such intentions in the light of day.

The Smiths claim that instruction No. 12 was prejudicial because it overemphasized the relationship between arson and circumstantial evidence, particularly when another circumstantial evidence instruction (instruction No. 11) had already been given. Instruction No. 11 provided:

There are two kinds of evidence, direct and circumstantial.

Direct evidence is . . . physical evidence of a fact or testimony by someone who has first-hand knowledge of a fact by means of his or her senses. Circumstantial evidence is evidence of one or more facts from which another fact can logically be inferred.

The law makes no distinction between these two kinds of evidence. A fact may be proved by either direct evidence or circumstantial evidence or both.

The Smiths argue that because instruction No. 12 stated that arson is carried out at night and that arsonists do not discuss their intentions, the instruction unduly emphasized Fire Insurance Exchange's factual theory of the case and that, therefore, this instruction misled the jury.

Whether a jury instruction given by a trial court is correct is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Pleiss v. Barnes*, 260 Neb. 770, 619 N.W.2d 825 (2000). Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Morris v. Rochester Midland Corp.*, 259 Neb. 870, 612 N.W.2d 921 (2000). In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *Smith v. Paoli Popcorn Co.*, 260 Neb. 460, 618 N.W.2d 452 (2000).

As we review instruction No. 12 in the context of the other instructions given, specifically in light of instruction No. 11, we conclude that it was prejudicial error for the trial court to give instruction No. 12. The language of instruction No. 12 appears in two Nebraska cases: *Heady v. Farmers Mut. Ins. Co.*, 217 Neb. 172, 349 N.W.2d 366 (1984), and *Weiner v. Aetna Ins. Co.*, 127 Neb. 572, 256 N.W. 71 (1934). However, jury instructions were not at issue in either case. In *Heady*, we quoted language from *Weiner* in support of the trial court's decision to permit evidence of the actual value of the property as supplying a potential motive for arson. In *Weiner*, the question was whether there was any evidence of arson that would allow the court to submit the question to the jury.

Here, instruction No. 12 was an abstract statement that was not a statement of the law and, in any event, unduly emphasized certain facts of the case. The trial court erred in giving this instruction because it adversely affected the rights of the Smiths. Thus, a new trial is warranted.

Although we have found prejudicial error in the giving of instruction No. 12 that necessitates a new trial, we briefly address another assignment of error regarding proposed jury instructions in that the issue may arise on retrial. The Smiths allege that the trial court erred in not giving their proposed instructions Nos. 17, 18, and 19.

Proposed instruction No. 17 stated: "The mere fact that the cause of a fire is of unknown origin does not in any way constitute evidence that the fire was the result of an intentional act of the Plaintiffs and, in fact, creates a presumption that it is not a fire of criminal origin." This instruction is not a correct statement of the law and would be misleading. No presumption is created because a fire is of unknown origin.

Proposed instruction No. 18 stated:

> Circumstantial evidence is not sufficient to sustain a verdict depending solely thereon for support, unless the circumstances proved by the evidence are of such a nature and are so related to each other that the conclusion reached

by the jury is the only one that can fairly and reasonably be drawn therefrom. The evidence must be such as to make the Defendant's theory of causation reasonably probable and not merely possible.

The trial court did not err in refusing to give this instruction, as it is not a correct statement of the law and would tend to mislead the jury. The weight to be given circumstantial evidence is described in instruction No. 11.

Proposed instruction No. 19 stated:

To justify a finding of criminal intent or intentional act on circumstantial evidence, it is necessary that the facts and circumstances essential to that conclusion must be proved by competent evidence, and when taken together, must be of such a character as to be consistent with each other, and with the hypothesis thought to be established thereby and inconsistencies with any reasonable hypothesis of innocence. Any fact or circumstance reasonably susceptible to two interpretations must be resolved against the Defendant insurer.

The case cited by the Smiths does not support this instruction, and it would tend to mislead the jury.

We conclude that the trial court did not err in refusing to give proposed instructions Nos. 17, 18, and 19.

## CONCLUSION

For the reasons set forth herein, we reverse the judgment of the trial court and remand the cause for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

HENDRY, C.J., not participating.