WILLIAM "DOUG" JAY, APPELLANT AND CROSS-APPELLEE, V.
MOOG AUTOMOTIVE, INC., A MISSOURI CORPORATION,
AND CNA INSURANCE CO., APPELLEES
AND CROSS-APPELLANTS.

652 N.W.2d 872

Filed November 8, 2002.   No. S-01-477.

Christopher D. Jerram, of Kelley & Lehan, P.C., for appellant.

Joseph F. Gross, Jr., of Timmermier, Gross & Prentiss, for appellee Moog Automotive, Inc.

Don Stenberg, Attorney General, and Charles E. Lowe for amicus curiae State of Nebraska.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## I. NATURE OF CASE

William "Doug" Jay brought an action against Moog Automotive, Inc. (Moog), and others in the district court for Douglas County in connection with injuries Jay received after having been struck by a strut coil spring assembly which escaped a strut spring compressor. The jury returned a verdict in favor of Moog, the manufacturer of the compressor, and the district court entered judgment in Moog's favor. Jay appeals the judgment of the district court, and Moog cross-appeals. We determine that there is merit to Jay's appeal and no merit to Moog's cross-appeal. We reverse, and remand for a new trial.

## II. STATEMENT OF FACTS

On November 15, 1993, Jay sustained permanent eye and neurological injuries as a result of being struck in the face by a strut coil spring assembly which escaped during compression from a model T40187C strut spring compressor machine manufactured by Moog. Jay was working as an automotive mechanic for Jensen Goodyear automotive repair shop in Omaha and, at the time of the accident, had over 11 years of automotive mechanic experience. He had previously used other strut spring compressors but had never used a Moog compressor prior to November 15.

Jay filed an action against Moog in the district court for Douglas County. Jay's second amended petition is the operative petition. In addition to Moog, Jay named Specialty Sales, Co., as a defendant. Specialty Sales is the company that sold the compressor to Jensen Goodyear and installed the compressor. Specialty Sales was dismissed as a party prior to trial. CNA Insurance Company, Jensen Goodyear's workers' compensation insurance carrier, was also made a party to the action pursuant to Neb. Rev. Stat. § 48-118 (Reissue 1993) for purposes of determining the nature and extent of any subrogation rights.

In his second amended petition, Jay asserted three "causes of action" against Moog: "negligence," "strict liability," and "breach of warranty." The substance of Jay's allegation, denominated "strict liability," was that the compressor was defectively designed.

In its answer, Moog alleged as affirmative defenses that Jay was "contributorily negligent," that Jay assumed the risk, and that

the compressor was altered, which alteration was a superseding cause of Jay's injury. The substance of Moog's defense, denominated "contributory negligence," was that Jay misused the compressor. At trial, Moog was given leave to amend its answer to specify that Jay misused the product as follows: (1) that Jay used the compressor without a retaining pin; (2) that Jay used the compressor on the upper strut mount, misplacing the upper arms; (3) that Jay applied a prying force on the strut assembly while the spring was compressed and the upper arms not fixed with a retaining pin; and (4) that Jay failed to follow directions and warnings not to use the compressor without a retaining pin.

Trial was held beginning April 2, 2001. At the close of Jay's evidence, Moog moved for a directed verdict on all three theories of recovery. Jay withdrew the breach of warranty claim, and the district court overruled Moog's motion for directed verdict on the remaining theories of recovery.

In its defense, Moog presented the expert testimony of Ted Sokol, Ph.D., a civil engineer. The district court overruled Jay's motion in limine to exclude Sokol's testimony, Jay's objections to Sokol's testimony, and his motion to strike filed after Sokol's testimony. Sokol testified regarding his reconstruction of the accident and concluded that the compressor was used improperly in the following respects: improper placement of the upper arms caused a misalignment of the holes for the strut; the retaining pin was removed or never inserted through the holes; and a prying force was used, possibly to realign the holes for the strut, which caused the upper arms to separate. Sokol further stated that the directions and warnings provided with the compressor were sufficient. At the close of all the evidence, Jay moved for directed verdict and Moog renewed its motion for directed verdict. The district court overruled both motions.

On April 9, 2001, the district court submitted Jay's theories of recovery of strict liability and negligence to the jury. The district court instructed the jury on Moog's affirmative defenses of assumption of risk and contributory negligence based on misuse as to each theory of recovery.

On April 10, 2001, the jury returned a unanimous general verdict in favor of Moog. The district court accepted the verdict and

entered judgment in favor of Moog. Jay appeals from the judgment, and Moog cross-appeals.

## III. ASSIGNMENTS OF ERROR

Jay claims, renumbered and restated, that the district court erred in (1) failing to find that Neb. Rev. Stat. § 25-21,185.12 (Reissue 1995), authorizing the affirmative defense of assumption of risk, violates the Equal Protection Clause; (2) instructing the jury on assumption of risk and overruling Jay's motion to dismiss the affirmative defense when Moog's evidence was insufficient to support the instruction; (3) instructing the jury on "contributory negligence" as an affirmative defense because (a) contributory negligence is not a defense to a strict liability theory of recovery and (b) the evidence was not sufficient to support the instruction as to either the strict liability or the negligence theory of recovery; (4) allowing Sokol's testimony because it lacked foundation and was not relevant; (5) failing to sustain Jay's motion for directed verdict; and (6) refusing to allow Jay to question Moog's employees regarding prior injuries involving the compressor.

In its cross-appeal, Moog claims the district court erred in overruling its motion for directed verdict when Jay failed to prove any proximate causation between an alleged defect and the accident.

## IV. STANDARDS OF REVIEW

When a motion for a directed verdict made at the close of all the evidence is overruled by the trial court, appellate review is controlled by the rule that a directed verdict is proper only where reasonable minds cannot differ and can draw but one conclusion from the evidence, and the issues should be decided as a matter of law. *Malone v. American Bus. Info., ante* p. 127, 647 N.W.2d 569 (2002).

In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *Smith v. Fire Ins. Exch. of Los Angeles*, 261 Neb. 857, 626 N.W.2d 534 (2001).

■ Whether a jury instruction given by a trial court is correct is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Id.*

## V. ANALYSIS

### 1. Cross-Appeal

Moog claims on cross-appeal that the district court erred when it denied Moog's motion for a directed verdict. We first consider Moog's cross-appeal, because if Moog's cross-appeal were meritorious, we would not reach the issues raised in Jay's appeal. We conclude, however, that the district court did not err in overruling Moog's motion for directed verdict and that Moog's cross-appeal is without merit.

■ In products liability litigation, the notion of a defective product embraces two separate concepts. The first, commonly labeled as a "manufacturing defect," is one in which the product differs from the specifications and plan of the manufacturer. The second concept of a defective product is one in which the product meets the specifications of the manufacturer but the product nonetheless poses an unreasonable risk of danger. This condition is generally characterized as a "design defect." *Freeman v. Hoffman-La Roche, Inc.*, 260 Neb. 552, 618 N.W.2d 827 (2000). In this products liability case, Jay pursued two theories of recovery against Moog, negligence and strict liability, both of which were based on what Jay asserted to be failures in the design of the compressor.

■ To establish a prima facie case in negligence in a products liability case based upon negligent design, a plaintiff needs to establish some evidence of duty, breach, causation, and damages. *Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 412 N.W.2d 56 (1987). In a products liability cause of action based on negligence, the manufacturer's conduct is at issue, that is, whether the manufacturer's conduct was reasonable in view of the foreseeable risk of injury. *Freeman v. Hoffman-La Roche, Inc., supra.*

■ In a products liability action on a claim of strict liability based on defect, a plaintiff must prove by a preponderance of the evidence that (1) the defendant placed the product on the market for use and knew, or in the exercise of reasonable care

should have known, that the product would be used without inspection for defects; (2) the product was in a defective condition when it was placed on the market and left the defendant's possession; (3) the defect is the proximate or a proximately contributing cause of the plaintiff's injury sustained while the product was being used in a way and for the general purpose for which it was designed and intended; (4) the defect, if existent, rendered the product unreasonably dangerous and unsafe for its intended use; and (5) the plaintiff's damages were a direct and proximate result of the alleged defect. *Haag v. Bongers*, 256 Neb. 170, 589 N.W.2d 318 (1999). In a products liability cause of action based on strict liability in tort, the quality of the product is at issue, that is, whether the product was unreasonably dangerous. *Freeman v. Hoffman-La Roche, Inc., supra.*

A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Green Tree Fin. Servicing v. Sutton, ante* p. 533, 650 N.W.2d 228 (2002). In the present case, Jay presented expert testimony to the effect that the Moog compressor was defectively designed because it required use of a pin and that there were alternative practical designs for the product that did not entail the risks associated with the pin design used by Moog. The expert also testified that Moog's testing of the product was inadequate. The expert further testified that the accident in the present case could not have occurred if the pin were secure. Because Jay testified that he used the pin, the implication most favorable to Jay is that the pin was not secured due to a design defect.

Based on the evidence presented by Jay, the jury could reasonably have found that the compressor was negligently or defectively designed. Under the negligence cause of action, the jury could have concluded that Moog's conduct in designing the compressor was not reasonable. Under the strict liability cause of action, the jury could have concluded that the design of the compressor was defective and made the compressor unreasonably dangerous. The jury could have found that the design of the compressor, which required the use of a pin, proximately caused the accident. Because reasonable minds could have found in Jay's favor, we conclude that the district court did not err in overruling

Moog's motion for directed verdict. We, therefore, find no merit to Moog's cross-appeal.

## 2. APPEAL

■ Jay claims on appeal that the district court erred by instructing the jury on the defenses of assumption of risk and contributory negligence as to both theories of recovery.

We have explained:

> "Assumption of risk rests in contract or in the principle expressed by the ancient maxim, '*volenti non fit injuria*,' whereas contributory negligence rests in tort. The former involves a choice made more or less deliberately and negatives liability without reference to the fact that the plaintiff may have acted with due care, whereas the defense of contributory negligence implies the failure of the plaintiff to exercise due care. As stated in some decisions, assumption of risk is a mental state of willingness, whereas contributory negligence is a matter of conduct."

*Cassio v. Creighton University*, 233 Neb. 160, 173, 446 N.W.2d 704, 713 (1989). Assumption of risk differs from contributory negligence in that a subjective standard is applied to the former and an objective standard is applied to the latter. *Pleiss v. Barnes*, 260 Neb. 770, 619 N.W.2d 825 (2000); *Talle v. Nebraska Dept. of Soc. Servs.*, 249 Neb. 20, 541 N.W.2d 30 (1995).

### (a) Assumption of Risk Defense as to Both Theories of Recovery: Sufficiency of Evidence

Jay asserts that the district court erred in instructing the jury on the affirmative defense of assumption of risk as to both his negligence and his strict liability theories of recovery. Jay argues that it was error to give the instruction for two reasons: (1) because the statute allowing the defense violates the constitutional guarantee of equal protection and (2) because the evidence was insufficient to support the instruction. We conclude that the evidence in this case was not sufficient to support the instruction on the affirmative defense of assumption of risk as to either theory of recovery. Because this error requires reversal and remand for a new trial, we need not consider Jay's constitutional claim.

When a defendant pleads the affirmative defense of assumption of risk, the defendant has the burden to establish the elements of assumption of the risk before that defense, as a question of fact, may be submitted to the jury. *Everts v. Hardcopf-Bickley*, 257 Neb. 151, 595 N.W.2d 911 (1999). Before the defense of assumption of risk is submissible to a jury, the evidence must show that the plaintiff (1) knew of the specific danger, (2) understood the danger, and (3) voluntarily exposed himself or herself to the danger that proximately caused the damage. *Pleiss v. Barnes, supra.*

The doctrine of assumption of risk applies a subjective standard, geared to the individual plaintiff and his or her actual comprehension and appreciation of the nature of the danger he or she confronts. *Pleiss v. Barnes, supra.* The standard to be applied in determining whether a plaintiff has assumed the risk of injury is a subjective one based upon the particular facts and circumstances of the event. *Talle v. Nebraska Dept. of Soc. Servs., supra.*

In the present case, although there was evidence that Jay knew of and understood the specific risk of using the compressor without a pin, there was no evidence to support a subjective finding that Jay voluntarily exposed himself to such risk. Jay consistently testified that he had in fact used the pin. Although Moog presented expert testimony that the accident could not have occurred if the pin were in place, the expert could only speculate that the pin was not in place because Jay chose not to use it. Moog presented no evidence of a subjective, conscious choice on Jay's part to voluntarily expose himself to the risk presented by using the compressor without a pin. It was therefore error for the district court to instruct the jury on the affirmative defense of assumption of risk as to both theories of recovery.

Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Smith v. Fire Ins. Exch. of Los Angeles*, 261 Neb. 857, 626 N.W.2d 534 (2001). Submission of an issue on which the evidence is insufficient to sustain an affirmative finding is generally prejudicial and results in a new trial. *Springer v. Bohling*, 259 Neb. 71, 607 N.W.2d 836 (2000). We have generally held that

giving a jury instruction on assumption of risk is prejudicial error when the evidence is not sufficient to support the defense. See, *Everts v. Hardcopf-Bickley, supra*; *Sikyta v. Arrow Stage Lines*, 238 Neb. 289, 470 N.W.2d 724 (1991); *Trackwell v. Burlington Northern RR. Co.*, 235 Neb. 224, 454 N.W.2d 497 (1990); *Vanek v. Prohaska*, 233 Neb. 848, 448 N.W.2d 573 (1989). We conclude in this case that instructing the jury on assumption of risk as to both theories of recovery was prejudicial error and that we must reverse, and remand for a new trial.

### (b) "Contributory Negligence" as Defense to Strict Liability

Because the jury instruction on assumption of risk was prejudicial error requiring reversal and remand, it is not necessary that we consider Jay's remaining assignments of error in order to dispose of this appeal. However, an appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings. *Tyma v. Tyma*, 263 Neb. 873, 644 N.W.2d 139 (2002); *Gestring v. Mary Lanning Memorial Hosp.*, 259 Neb. 905, 613 N.W.2d 440 (2000).

The majority of Jay's assignments of error relate generally to issues involving the sufficiency of the specific evidence presented in this case or to the specific expert testimony admitted. We will not consider such other issues in the present appeal because such issues may or may not recur on remand. However, the legal issue Jay raises regarding contributory negligence as a defense to Jay's strict liability theory of recovery is worthy of comment to avoid error on remand of this cause, and we therefore address that issue. We conclude that the affirmative defense which was characterized by Jay, Moog, and the district court as "contributory negligence" was in substance an affirmative defense of "misuse" and that misuse is a proper defense in a products liability case based on a theory of recovery of strict liability.

In its amended answer, Moog asserted as an affirmative defense to both Jay's negligence and strict liability theories of recovery that Jay was "contributorily negligent" in four respects. In two separate instructions, addressing both negligence and strict liability theories of recovery, the district court referred to

Moog's assertion that Jay was "contributorily negligent" and instructed the jury in part as follows:

[T]he Defendant claims the Plaintiff himself was negligent in one or more of the following ways:

1. The Plaintiff used the 40187C tool without a retaining pin;

2. The Plaintiff used the 40187C tool on the upper strut mount misplacing the upper arms;

3. The Plaintiff applied a prying force on the strut assembly while the spring was compressed and the upper arms not fixed with a retaining pin; and

4. The Plaintiff failed to follow directions and warnings not to use the tool without a retaining pin.

Jay argues generally on appeal that as a matter of law, it is error for a district court to give a contributory negligence instruction as a defense to a strict liability theory of recovery. Jay specifically contends that because of statutory amendments in 1992, including the enactment of new comparative negligence statutes, contributory negligence is not a defense to a strict liability theory of recovery in Nebraska. The contention raised by Jay is not at issue in this case because the affirmative defense pled by Moog constitutes the affirmative defense of "misuse," and the issue on appeal is therefore the propriety of a misuse affirmative defense where the plaintiff alleges a strict liability theory of recovery. We conclude that a misuse defense is available in a products liability case based on a theory of recovery of strict liability.

In its answer, Moog pled as a defense that Jay used the compressor without a retaining pin, used the compressor on the upper strut mount misplacing the upper arms, and applied a prying force on the strut assembly while the spring was compressed and the upper arms not fixed with a retaining pin. These assertions describe specific misuses of the compressor. Moog also asserts that Jay failed to follow directions and warnings not to use the compressor without a retaining pin. Failure to follow plain and unambiguous instructions is a misuse of the product. *Erickson v. Monarch Indus.*, 216 Neb. 875, 347 N.W.2d 99 (1984).

We have stated both prior and subsequent to the 1992 statutory amendments noted by Jay that misuse of the product is a defense

to a strict liability theory of recovery. See, *Jameson v. Liquid Controls Corp.*, 260 Neb. 489, 618 N.W.2d 637 (2000); *Erickson v. Monarch Indus., supra.* We have also distinguished between contributory negligence and misuse, stating that while "traditional 'contributory negligence' in the sense of a failure to discover a defect or to guard against it, is not a defense to a suit in strict tort," misuse of the product is a defense. *Hawkins Constr. Co. v. Matthews Co., Inc.*, 190 Neb. 546, 567, 209 N.W.2d 643, 655 (1973), *disapproved on other grounds, National Crane Corp. v. Ohio Steel Tube Co.*, 213 Neb. 782, 332 N.W.2d 39 (1983). We find nothing in the statutory amendments noted by Jay or elsewhere that would change our prior holdings that misuse of the product is a proper affirmative defense to a strict liability theory of recovery. We therefore conclude that on remand, if Moog's evidence supports the instruction, rather than the instruction given at trial, the district court may instruct the jury on misuse of the product as an affirmative defense to Jay's strict liability theory of recovery using an appropriately tailored instruction. See NJI2d Civ. 11.25.

## VI. CONCLUSION

We conclude that the district court did not err in overruling Moog's motion for directed verdict, and we therefore reject Moog's cross-appeal. We conclude, however, that the district court committed prejudicial error by instructing the jury on the affirmative defense of assumption of risk as to both theories of recovery because there was not sufficient evidence to support the instruction. We therefore reverse the judgment, and remand the cause to the district court for a new trial. We further conclude that misuse of the product is an allowable defense to Jay's strict liability theory of recovery, and if warranted by the evidence on remand, the jury may be instructed on the affirmative defense as to this theory of recovery.

REVERSED AND REMANDED FOR A NEW TRIAL.